**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-2331**

ALI VICTOR YAGO,

                  Petitioner,

         v.

ERIC H. HOLDER, JR., Attorney General,

                  Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  June 24, 2011          Decided:  August 5, 2011

Before GREGORY, SHEDD, and WYNN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

William Payne, PAYNE & ASSOCIATES, Washington, D.C., for Petitioner.  Tony West, Assistant Attorney General, John S. Hogan, Senior Litigation Counsel, Ashley Y. Martin, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ali Victor Yago, a native and citizen of Burkina Faso, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture.

Before this court, Yago challenges the determination that he failed to establish his eligibility for relief. More specifically, Yago contends that the adverse credibility determination reached by the immigration judge and affirmed by the Board was not supported by substantial evidence, and that the Board and the immigration judge erred in concluding that he failed to establish past persecution or a well-founded fear of future persecution on account of his involvement with an organization that educated young girls about the dangers of female genital mutilation.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the

2

[Board]'s interpretation of the [Immigration and Nationality Act] and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691–92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483–84; see also Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Furthermore, "[t]he agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)).

We have reviewed the evidence of record and conclude that substantial evidence supports the adverse credibility finding. We further conclude that, notwithstanding the adverse credibility determination, Yago failed to present sufficient independent evidence of past persecution, as discussed in Camara v. Ashcroft, 378 F.3d 361, 370-71 (4th Cir. 2004). We therefore uphold the denial of Yago's requests for asylum and withholding of removal. See Camara, 368 F.3d at 367 ("Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

Finally, we hold that substantial evidence supports the finding that Yago failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2011). Yago simply failed to make this showing before the immigration court.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

4